# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DIVISION OF TEXAS
# BEAUMONT DIVISION

No. 1:06-CR-105

United States of America

v.

Jason Lamar Kay

                     Defendant

## Report and Recommendation
## of United States Magistrate Judge

Defendant's pro se "Motion to Clarify Restitution Order" is referred to the undersigned for a recommendation. See Referral Order, June 7, 2008, Doc. No. 56.

### I. FACTUAL BACKGROUND

Defendant pleaded guilty, and was convicted of mail fraud in the United States District Court for the Eastern District of Texas. He was sentenced to fifty-one months of imprisonment, to be followed by a three year term of supervised release.

Defendant's sentence included an order to pay $382,972.09 in restitution immediately. For any amount remaining unpaid at the commencement of

defendant's subsequent term of supervised release, the court established a specific schedule for paying and collecting the remaining restitution obligation.

## II. DEFENDANT'S MOTION TO CLARIFY

Defendant currently is incarcerated while serving his sentence. He alleges that the Bureau of Prisons has established an unauthorized, unlawful restitution payment plan. Specifically, defendant alleges that the Bureau of Prisons has "unconstitutionally set a payment schedule . . . under the threat of loss of his halfway house, suitable living quarters, and ejection from the residential drug abuse program." The court perceives that defendant refers to and complains of the bureau's Inmate Financial Responsibility Program (IFRP) as applied to him.[1]

Defendant contends that absent an express order by the sentencing judge, the Bureau of Prisons lacks authority to collect installment restitution payments from his inmate funds. Defendant relies upon United States v. Albro, 32 F.3d 173 (5th Cir. 1994) wherein the United States Court of Appeals for the Fifth Circuit held that the sentencing court, not a probation officer, must designate the timing and amount of restitution payments. Id. at 174. Defendant reasons that Albro inevitably means that the Bureau of Prisons also is prohibited from designating timing and amounts of restitution payments.

In further support of his motion, defendant avers that his prison job pay has been reduced by budget reduction concerns, and that the "amount of food

---

[1] The Inmate Financial Responsibility Program was enacted by the Bureau of Prisons to encourage federal inmates to meet their legitimate financial obligations, including court-ordered restitution and fines. 28 C.F.R. §§ 545.10, 545.11. At initial classification, prison officials assist an inmate with developing a financial plan. 28 C.F.R. § 545.11(a). An inmate's refusal to participate in the program results in the loss of prison privileges and incentives. 28 C.F.R. § 545.11(d).

available to inmates in it's (sic) food service and the lack of vitamins and nutrients necessary for life are severely lacking." Therefore, defendant must "rely on outside family and friends to supplement [his] food intake by sending their hard-earned money." Defendant contends that funds in his inmate account belong solely to his family and friends, and are for the express purpose of providing defendant with the ability to purchase necessary nutrients for his survival. Accordingly, such funds should not be appropriated by the Bureau of Prisons to fulfill defendant's restitution requirement.

Finally, defendant argues that his restitution obligations should not go into effect until he is discharged from prison and serving his supervised release term. Defendant states that he "has always agreed that he will pay his restitution *when he is released from federal prison* and [is] able to comply with the restitution order *with his earnings, not his family and friends monies*." (Italics added.)

### III. DISCUSSION

In Albro, a sentencing court ordered a defendant to pay restitution according to a payment schedule *as determined by the United States Probation Office*. On direct appeal, the Fifth Circuit concluded that while a trial judge may properly receive and consider a probation officer's recommendations concerning a payment schedule for restitution, the judge may not delegate that function. The Fifth Circuit stated that "how much a defendant owes, and the extent to which payment may be deferred, is something that the judge must decide." Id., citing United States v. Ahmad, 2 F.3d 245, 249 (7th Cir. 1993). These decisions reasoned that statutes authorizing restitution clearly reflect that the ordering of restitution is an exclusively judicial function. See 18 U.S.C. §§ 3663-64.

The reasoning and ruling of Albro do not apply to this case. Here, the sentencing court did not abdicate its judicial function of determining how much the defendant owes or the extent to which payment may be deferred. Rather, the court determined the precise amount owed, and ordered defendant to pay restitution *immediately*.

When restitution is due immediately, the Bureau of Prisons may establish a payment plan through its Inmate Financial Responsibility Program. Bloch v. Lake, 183 Fed.Appx. 471 (5th Cir. 2006) (citing McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1998) and Montano-Figueroa v. Crabtree, 162 F.3d 548, 550 (9th Cir. 1998)). The Inmate Financial Responsibility Program is neither a usurpation of the sentencing court's Article III power nor is it a violation of the separation of powers doctrine. Id. The Bureau of Prisons does not attempt to set restitution, but merely collects it as ordered by the court.

Consequently, the court's judgment regarding restitution does not require clarification. It expressly states that the restitution is due immediately. The Bureau of Prisons has not acted unlawfully or improperly in implementing its Inmate Financial Responsibility Program with respect to defendant. Thus, defendant's motion lacks merit and should be denied.[2]

### IV. RECOMMENDATION

Defendant's motion to clarify the restitution order should be denied.

### V. OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any

---

[2] Defendant's complaints about conditions of his confinement, e.g., inadequate food, vitamins and nutrients necessary for life may be pursued by filing a separate civil action.

party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

SIGNED this _20_ day of June, 2008.

_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE